Estate of Bayard Dominick, Alice Hoyt Dominick and Gayer G. Dominick, Executors v. Commissioner.
Estate of Dominick v. Commissioner
Docket No. 2409.
United States Tax Court
1944 Tax Ct. Memo LEXIS 92; 3 T.C.M. (CCH) 1054; T.C.M. (RIA) 44322; October 6, 1944
*92 Emil V. Pilz, Esq., 115 Broadway, New York, N. Y., for the petitioner. Walt Mandry, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: A deficiency in estate tax in the amount of $532,182.34 is the subject of the present controversy, but only part is in issue. That part of the deficiency arises by reason of the respondent's inclusion in the gross estate of petitioner's decedent of the entire corpus of a trust created by the decedent during his life. All of the facts have been stipulated and are hereby found accordingly. The Federal estate tax return was filed with the collector of internal revenue for the fourteenth district of New York. The trust in question was created November 27, 1922, and modified December 31, 1931. On the optional valuation date the assets comprising it were worth $500,394.39 On the date of death, May 1, 1941, the primary beneficiary of the trust, decedent's son, Richard Bayard Dominick, was more than 21 years of age and at his nearest birthday would be 22. At that time the effect of the trust instrument may be summarized as set forth in the supplemental stipulation of facts by the statement "* * * that the son, Richard, was to receive the *93 income of the trust until he attained the age of 25 years, upon the attainment of which age he was to receive the principal of the trust, if then alive; that the son's estate was to receive the principal of the trust upon his death if he died before attaining the age of 25 years; his mother and the decedent having predeceased him; that if the son died before attaining the age of 25 years, the decedent, if then living, would be entitled to one-half of the principal, if the mother was then alive, and the whole principal of the mother predeceased the son, and * * * the mother, if then living would be entitled to one-half of the principal, if the decedent was then alive, and the whole of the principal if the decedent predeceased the son." Respondent seeks to include the trust property in the gross estate under sections 811 (c) and (d) of the Internal Revenue Code. Petitioner urges that the value of certain interests in the estate are not includible. The most convincing demonstration that petitioner cannot prevail on its present showing is to quote from its own brief, which opens as follows: The effect of this trust instrument as to the son Richard is: (1) A gift of income until twenty-five *94 years of age or life, whichever is the less * * * (2) A gift of a future interest of the principal upon attaining the age of twenty-five years [in the event that he survives to attain that age] * * * (3) A gift of the power of appointment by will in the event that donor and his wife sould die before Richard and before he attained the age of twenty-five years. Granting the force of petitioner's argument that the son's right to the income for life or until he reaches 25 did not pass as a result of the fact or time of decedent's death, see Estate of Waldo C. Bryant, 36 B.T.A. 669, affirmed, no opinion ( C.C.A., 2nd Cir., 104 Fed. (2d) 1011, affirmed 309 U.S. 106, and passing the question whether the future interest in the principal dependent upon his survival was or was not related to the circumstance of decedent's death, there seems to us no escape from the conclusion that his appointive power in the event that his death antedated his 25th year was affected by the contingency that the decedent should have died in the meantime. So much, in fact, petitioner appears to concede on brief. [1] A part of *95 the total interest of the son thus consisted of a power dependent upon his survivorship of the decedent, and accordingly of an element which under the doctrine of Helvering v. Hallock, 309 U.S. 106, would necessarily be includible in the decedent's estate as subject to effectuation or defeasance, dependent upon survivorship as between grantor and grantee. Bankers Trust Co. v. Higgins (C.C.A., 2nd Cir.), 136 Fed. (2d) 477. In putting the facts before us by means of the stipulation, which is the outer limit of the present record, petitioner has failed to subdivide the value of the son's interest into the three components into which it is separated by petitioner itself. The only statement in the stipulation is that "The value of the interest or estate of the son * * * is as follows: * * * $489,683.45." This we take to be a total value, including the three designated elements. [2]
*96 On petitioner's own analysis, therefore, this must include something for the power of appointment conferred in the event of survivorship, but we are entirely without the means of determining its extent. [3] We are accordingly, forced to the conclusion that whatever merit there may be to the general proposition to which petitioner resorts, the material for its application is not present here. We regard this result as further required by the very precedent to which petitioner refers, Bankers Trust Co. v. Higgins, supra, and by a subsequent decision of the same court on its authority, Estate of Lester Field v. Commissioner (C.C.A., 2nd Cir.), 144 Fed. (2d) 62. *97 In the latter case the trust interposed a life estate to two nieces before a possible reversion to the grantor. It was stipulated that the value of a remainder after the death of both nieces was some $24,000, and that the value of decedent's right to a reversion upon his survival of the two nieces was some $890. The Appellate Court, instead of adopting the latter figure, which seems to us comparable to the only one in evidence here, directed the inclusion of the $24,000 valuation. In other words, the taxable figure was not the value of decedent's reversion but that of the entire estate after deducting for the life estates intervening. It is of little consequence whether this be regarded as the value of a possibility of reverter or as the "value of the interest retained by the donor", as petitioner phrases it. Avoiding a merely verbal difference, only that which the decedent has released at all events may be deducted. If we were to support petitioner in its contention here and limit the respondent to a tax on the value of the decedent's reversion, it would in our view be as irresponsible to the principle of the Bankers Trust and Field cases as would the disregard of an intervening *98 life estate if the figures relating to that had been placed before us. We conclude that petitioner has failed to establish its right to a deduction in any specific amount, and, accordingly, that respondent's determination must be sustained. Robinette v. Helvering, 318 U.S. 184. It consequently becomes unnecessary to examine respondent's alternative contention. What we have said, however, is subject to the following qualification: The age of the son at the time of decedent's death appears in the record. It is not easy to state with certainty that the actuarial computation of the value of interests which the son acquired irrespective of the fact or time of decedent's death is impossible upon the basis of tables contained in the respondent's regulations or elsewhere. E.g., Regs. 80, Art. 10 (i). If, as a consequence, the parties can agree upon such figures by means, for example, of a supplemental stipulation, it may be that the omission of the necessary value in the present record can be corrected. Cf. Smith v. Shaughnessy, 318 U.S. 176. For that purpose, Decision will be entered under Rule 50. Footnotes
1. "Of these seven separate gifts [including the three to the son] and retentions the only ones which involved any condition determined by donor's death are numbers '3' * * *."↩
2. If this were doubtful, it is made certain by a statement of petitioner's counsel at the hearing: "I am valuing the three gifts given to Richard based on the mortality tables and what an actuary tells me those three gifts were worth on the date of death."↩
3. This also was demonstrated by a statement of petitioner's counsel at the hearing: "The Court: What about the power of appointment? "Mr. Pilz: That might be difficult and frankly I did not go into those items because having had an actuary submitting the figures I did not go into it so far as the actuary is concerned but here in New York, 237 N. Y., Matter of Creegan's Estate, at least the two interests are valued that way, the power of appointment may be different."↩